UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>  Plaintiff,<br><br>  v.<br><br>TERRENCE HODGKIN,<br><br>  Defendant. | Case No. 2:16-cr-00355-KJD-VCF<br>No. 2:20-cv-01085-KJD<br><br>**Order** |

Presently before the Court is Movant's Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255 (#76). The Government filed a Motion for Leave to Advise the Court of New Supreme Court Authority (#79) but did not file an actual response to Movant's motion. Movant responded in opposition (#80) to which the Government replied (#81). For the reasons stated below, Movant's motion is denied.

I.  Factual and Procedural Background

Terrence Hodgkin ("Hodgkin" or "Defendant") was convicted, on his guilty plea, of unlawful possession of a firearm by a previously convicted felon. (#57/56). He now requests that the Court vacate his sentence under 28 U.S.C. § 2255, asserting that his indictment and subsequent conviction are invalid.

Hodgkin has a lengthy criminal history, dating back to 2008 at age 16. Over the next 8 years, Hodgkin was convicted of various offenses, including two felonies—battery involving a deadly weapon and possession of a firearm by a former felon. (PSR, at 9-15). On his first felony conviction, in 2008, the state court sentenced him to 24-60 months in state prison, but ultimately; however, his sentence was suspended, with additional conditions imposed, one of which prohibited him from possessing firearms. Id. at 9. In 2013, Hodgkin was again sentenced to 12-32 months in prison for a second felony—possession of a firearm by an ex-felon. Id. at 12. He was released after serving approximately one year in prison. Id.

In February 2018, Hodgkin pleaded guilty according to a plea agreement with the government to unlawful possession of a firearm by a previously convicted felon. (#56). In the plea agreement, Hodgkin admitted that he knowingly possessed the firearm, and that when he

did, he had been previously convicted of a crime punishable by a term of imprisonment exceeding one year. (#57, at 5).

In August 2018, this Court sentenced Hodgkin to 30 months' imprisonment followed by three years of supervised release. (#70/69). Hodgkin did not appeal, and his conviction became final on September 19, 2018.

On June 16, 2020, Hodgkin filed this motion to vacate, arguing that the indictment was defective because it "failed to allege Mr. Hodgin knew, at the time of the alleged firearm possession, that his prior conviction was punishable by more than a year of imprisonment or knew that his previous conviction barred him from possessing a firearm." (#76, at 4). Hodgkin further argues that "[t]he resulting conviction, based on the fatally defective indictment, must therefore be vacated and the indictment dismissed." Id. Lastly, Hodgkin argues that defective indictment deprived this Court of jurisdiction and violated his Fifth and Sixth Amendment rights. Id. at 12.

II.     Legal Standard

28 U.S.C. § 2255 allows a federal prisoner to seek relief under four grounds: (1) "the sentence was imposed in violation of the Constitution or laws of the United States;" (2) "the court was without jurisdiction to impose such a sentence;" (3) "the sentence was in excess of the maximum authorized by law;" and (4) the sentence is "otherwise subject to collateral attack." 28 U.S.C. § 2255(a).

Under 18 U.S.C. § 922(g), it is "unlawful for any person" who falls within one of nine enumerated categories to "possess in or affecting commerce any firearm or ammunition." Section 924(a)(2) sets out the penalties applicable to "[w]however knowingly violates" § 922(g). Before June 2019, courts treated the knowledge requirement in § 924(a)(2) as applying only to the defendant's possession of a firearm or ammunition, not to the fact that he fell within the relevant enumerated category. But on June 21, 2019, the Supreme Court issued its decision in Rehaif v. United States, 139 S. Ct. 2191 (2019), holding that a defendant's knowledge "that he fell within the relevant status (that he was a felon, an alien unlawfully in this country, or the like)" is an element of a § 922(g) offense. Id. at 2194. This decision applies to all § 922(g)

- 2 -

categories, including felons under § 922(g)(1). A felon is one who has been convicted of a crime punishable by more than one year of imprisonment.

In Rehaif, the Supreme Court stated:

> The question here concerns the scope of the word "knowingly." Does it mean that the Government must prove that a defendant knew both that he engaged in the relevant conduct (that he possessed a firearm) and also that he fell within the relevant status (that he was a felon, an alien unlawfully in this country, or the like)? We hold that the word "knowingly" applies both to the defendant's conduct and to the defendant's status. To convict a defendant, the Government therefore must show that the defendant knew he possessed a firearm and also that he knew he had the relevant status when he possessed it.

Id. Rehaif does not stand for the proposition that the government must prove the defendant knew his possession of the firearm was unlawful. Rehaif requires proof of the defendant's felonious status. So, in a prosecution under 18 U.S.C. § 922(g) and § 924(a)(2), the government must prove that (1) the defendant knew he possessed a firearm and that (2) he knew he belonged to the relevant category of persons barred from possessing a firearm. See id. at 2200. To hold otherwise would mean that pure ignorance of the United States Code was a sufficient defense.

The Supreme Court also recently held that "[i]n felon-in-possession cases, a Rehaif error is not a basis for plain-error relief unless the defendant first makes a sufficient argument or representation on appeal that he would have presented evidence at trial that he did not in fact know he was a felon." Greer v. United States, 141 S. Ct. 2090, 2093 (2021). The Court held that for the felons-in-possession in that case, they must have shown that had the Rehaif errors been correctly advised, there was a "reasonable possibility" they would been acquitted or not have plead guilty. Id. The Court held that it was unlikely they would have carried that burden because both had been convicted of multiple felonies before and those "prior convictions are substantial evidence that they knew they were felons." Id. The Court also rejected the argument that a Rehaif error is a structural one that requires automatic vacatur and held that "Rehaif errors fit comfortably within the 'general rule' that 'a constitutional error does not automatically require reversal of a conviction.'" Id. (quoting Arizona v. Fulminante, 499 U.S. 279, 306 (1991)).

//

III.   Analysis

Hodgkin argues that in light of Rehaif, his sentence is unconstitutional and must be vacated because (1) the indictment failed to allege a cognizable crime against the United States and therefore stripped the Court of jurisdiction; (2) the grand jury was not required to find probable cause as per the defective indictment which violated his Fifth Amendment rights; (3) the indictment violates his Fifth Amendment right not to be tried without an indictment, which is violated when a defendant is tried on a defective indictment; and (4) he was not informed of the nature and cause of the accusation which violated his Sixth Amendment rights. (#76, at 13-14). The Court begins by analyzing whether it has jurisdiction to adjudicate Hodgkin's motion.

**A.  Jurisdiction**

Hodgkin argues that his indictment failed to describe the criminal conduct as per Rehaif, which constitutes a fatal defect and deprived the Court of jurisdiction. (#76, at 15). However, the Ninth Circuit has ruled on this identical argument, holding that "the indictment's omission of the knowledge of status requirement did not deprive the district court of jurisdiction." United States v. Espinoza, 816 Fed. Appx. 82, 84 (9th Cir. 2020). "The Supreme Court has explicitly rejected 'the view that indictment omissions deprive a court of jurisdiction . . .' and this holding applies where 'an indictment fails to allege the specific intent required' for a crime[.]" Id. (quoting United States v. Cotton, 535 U.S. 625, 631 (2002)); United States v. Velasco-Medina, 205 F.3d 839, 845-46 (9th Cir. 2002). Therefore, the Court rejects Hodgkin's argument that this Court lacked jurisdiction.

**B.  Fifth Amendment Rights**

Hodgkin also argues that because of the insufficient indictment, his Fifth Amendment rights were violated, and his sentence should be vacated. (#76, at 16-19). Specifically, Hodgkin argues that the "indictment failed to state a valid claim by not alleging all essential elements under §§ 922(g) and 924(a)(2)—meaning the grand jury did not find probable cause on all required elements." (#76, at 18). Hodgkin also argues that the failure to include the essential Rehaif element amounts to an "indictment [that] describes lawful conduct" and that he should not have been tried based off this faulty indictment. Id. at 18-19. Furthermore, he asserts that because

these are structural errors, a showing of prejudice is not required. Id. The Court disagrees.

First, "[i]n this circuit an indictment missing an essential element that is properly challenged before trial must be dismissed." United States v. Qazi, 975 F.3d 989, 991 (9th Cir. 2020). Hodgkin has not presented any evidence that he properly challenged his indictment before trial.

Moreover, the Supreme Court has held that a Rehaif error is not a structural one, so Hodgkin must show actual prejudice. In Greer, the Court explained that "[s]tructural errors are errors that affect the 'entire conduct of the [proceeding] from beginning to end" and consist of things like "the denial of counsel of choice, denial of self-representation, denial of a public trial, and failure to convey to a jury that guilt must be proved beyond a reasonable doubt." Greer, 141 S. Ct. at 2100. There, the Court held that "the omission of a single element from jury instructions or the omission of a required warning from a Rule 11 plea colloquy– are not structural because they do not 'necessarily render a criminal trial fundamentally unfair or an unreliable vehicle for determining guilt or innocence." Id. (quoting Neder v. United States, 527 U.S. 1, 9 (1999)). The Court finds that here, the omission of the Rehaif requirement in the indictment does not amount to a structural error because it did not render Hodgkin's legal proceedings fundamentally unfair or an unreliable vehicle for him deciding to plead guilty. As noted in Greer, "[i]f a person is a felon, he ordinarily knows he is a felon." Greer, 141 S. Ct. at 2097. "Felony status is simply not the kind of thing that one forgets." Id. (quoting United States v. Gary, 963 F.3d 420, 423 (4th Cir. 2020)). Hodgkin has not made an argument that he did not know he was a felon, nor has he made a sufficient argument that the indictment truly did infect the entire judicial proceeding such that he would have changed his guilty plea.

**C. Sixth Amendment Rights**

Hodgkin makes a similar argument regarding his Sixth Amendment rights—"because the indictment omitted an essential element, there was no notice to Mr. Hodgkin of this element, and Mr. Hodgkin could not prepare a thorough defense." (#76, at 20). The Court does not find this convincing. Again, Hodgkin has not made any representations that he did not know of his felonious status at the time he possessed the gun, and he has not shown in any way that it affected his guilty plea. Furthermore, as stated above, Hodgkin had previously pleaded guilty in

- 5 -

state court to unlawful possession of a firearm by a previously convicted felon. (PSR, at 12). As such, any argument that "[d]efense counsel could not investigate whether Mr. Hodgkin knew his prohibitive status at the time of the alleged possession" is utterly without merit. (See #76, at 20).

Hodgkin also asserts this was a structural error that entitles him to relief without showing prejudice. Id. at 21. However, as clarified in Greer and explained above, this was not a structural error. Hodgkin stipulated in his guilty plea that he had a handgun in his possession and that at the time of his possession he had been convicted of a crime punishable by a term of imprisonment exceeding year. (#57, at 5). Further, the Supreme Court reasoned that when a defendant considers pleading guilty for this charge, he will usually recognize that as a felon, a jury would find he knew he was a felon when he possessed the gun and would likely factor that in when making the decision. Greer, 141 S. Ct. at 2097. "In short, if a defendant was in fact a felon, it will be difficult for him to carry the burden on plain-error review of showing a 'reasonable probability' that, but for the Rehaif error, the outcome of the district court proceedings would have been different." Id. Hodgkin has not made a showing that his Sixth Amendment rights were violated because of the Rehaif error and as per Greer, his sentence will not be vacated.

IV.     Certificate of Appealability

Finally, the Court must deny a certificate of appealability. To proceed with an appeal, petitioner must receive a certificate of appealability. 28 U.S.C. § 2253(c)(1); Fed. R. App. P. 22(b); 9th Cir. R. 22-1; Allen v. Ornoski, 435 F.3d 946, 950-51 (9th Cir. 2006); see also United States v.Mikels, 236 F.3d 550, 551-52 (9th Cir. 2001). Generally, a petitioner must make "a substantial showing of the denial of a constitutional right" to warrant a certificate of appealability. Id.; 28 U.S.C. § 2253(c)(2); Slack v. McDaniel, 529 U.S. 473, 483-84 (2000). "The petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." Id. (quoting Slack, 529 U.S. at 484). To meet this threshold inquiry, the petitioner has the burden of demonstrating that the issues are debatable among jurists of reason; that a court could resolve the issues differently; or that the questions are adequate to deserve encouragement to proceed further. Id. Hodgkin has not met his burden in demonstrating that there was any reasonable probability that he did not know that he

was a felon and, therefore, prohibited from possessing a firearm.

V.     Conclusion

Accordingly, **IT IS HEREBY ORDERED** that Movant's Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255 (#79) is **DENIED**.

**IT IS FURTHER ORDER** that the Government's Motion for Leave to Advise the Court of Legal Developments (#79) is **DISMISSED**.

**IT IS FURTHER ORDERED** that the Clerk of the Court enter **JUDGMENT** for Respondent and against Movant in the corresponding civil action, 2:20-cv-01085-KJD, and close that case.

**IT IS FURTHER ORDERED** that Movant is **DENIED** a Certificate of Appealability.

Dated this 12th day of June 2024.

Kent J. Dawson
United States District Judge